UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re | ) | Chapter 7 |
| | ) | Case No.  19-30061-EDK |
| BRENDA ANN BROWNELL | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

### TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f)

Now comes Gary M. Weiner, Esq., Chapter 7 Trustee (the "Trustee") of the Estate of  Brenda Ann Brownell (the "Debtor"), by and through his counsel, Weiner Law Firm, P.C., and hereby moves, pursuant to Bankruptcy Code § 363(b) and (f), and Bankruptcy Rule 6004(c) for authority to sell, by private sale, certain real property belonging to the bankruptcy estate (the "Estate"), located at 26 Church Street, Ware, Hampshire County, Massachusetts, free and clear of all liens, encumbrances and claims of every kind and description, to Mary Gelezunas (the "Buyer") of 35 Green Street, Monson Massachusetts, or her nominee for the sum of $119,000.00, plus a buyer's premium of $4,000.00 as set forth in more detail below.  A corresponding Notice of Intended Private Sale of Property, Solicitation of Counteroffers, and Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Intended Sale") is attached as Exhibit "A" to this Motion.  In support of this Motion, the Trustee respectfully states as follows:

1.  On January 29, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2.  On or about January 29, 2019, Gary M. Weiner was appointed Chapter 7 Trustee in this case and he continues to serve in that capacity.

3.  The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. § 157(b) (2) (N).

Motion for Private Sale
In re Brenda Ann Brownell
Case No. 19-30061-EDK
Page 2

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5.      Among the assets of the Estate is the real property located at 26 Church Street, Ware,
        Hampshire County, Massachusetts (the "Property").

6.      In her Schedules, the Debtor values the Property at $140,000.00 and states that the Property is
        subject to a first mortgage held by USDA Rural Development ("USDA") in the approximate
        amount of $184,215.00.

7.      Upon information and belief the first mortgage is now held or serviced by Centralized Servicing
        Center.

8.      Pursuant to the Trustee's Motion to Employ Broker, which was filed with this Court on April 22,
        2019, the Trustee engaged BK Global Real Estate Services and Teamwork Realty Group of
        Longmeadow, MA as real estate brokers (the "Brokers").  The Brokers have negotiated a short
        sale agreement under which the bankruptcy estate will receive a "carve-out", of $3,500.00 from
        the sale proceeds.  The commission to be paid to the Brokers will be 6% of the sale price which
        is to be paid out of the sale proceeds and not out of the carve-out funds.

9.      The Trustee has entered into an agreement (subject to approval by this Court), to sell the Property
        to the Buyer for the sum of $119,000.00, plus the Buyer is to pay the Estate an additional
        $4,000.00 a buyer's premium.  The estate will therefore receive a total of $7,500.00.  **USDA has
        agreed to receive proceeds from the sale in an amount not less than $105,776.08.**  The Buyer
        has paid a deposit of $1,230.00, which is being held by the estate. A copy of the Purchase and
        Sale agreement and addendum are annexed hereto as Exhibit "B".

10.     On information and belief, the Buyer has no connection with the Debtor and is not an insider of
        the Debtor, as that term is defined in 11 U.S.C. § 101(14).  The Trustee believes that the Buyer
        is a good faith purchaser as that term is used in 11 U.S.C. §363(m).

Motion for Private Sale
In re Brenda Ann Brownell
Case No. 19-30061-EDK
Page 3

11.     The Trustee believes that a sale of the Property by private sale is in the best interest of the Estate. The Trustee believes that the price being paid exceeds that which would be realized at any other disposition, such as a public auction. In addition, because the Brokers have been able to negotiate the "short sale" with the Lenders, there will be a recovery for the Estate, even though the sale price is less than the balance owed on the mortgage debt.

12.     As set forth in the Notice of Intended Sale attached herewith as Exhibit "A", the Trustee will solicit any offers for the Property in an amount of $124,950.00 or more, which are accompanied by a deposit of at least $1,250.00, on the same terms and conditions as the offer made by the Buyer.

13.     The Trustee further requests authority to make the following distributions from the sale: ordinary closing costs, the Brokers' commission of 6% of the sale price, real estate taxes, and any related municipal charges on the Property.

14.     The Trustee states that the sale of the Property under these circumstances is at least in part for the benefit of  the first mortgage holder,  so that payment of the fees and expenses relating to the sale of the Property, including the broker's commission, is allowable from the proceeds of the sale, pursuant to 11 U.S.C. § 506(c).

WHEREFORE, Gary M. Weiner, Esq., the Trustee respectfully requests that this Honorable Court enter an Order:

1.      Authorizing the Trustee's Motion for Order Approving Private Sale of Property of the Estate, pursuant to 11 U.S.C. § 363(b) and (f), to Mary Gelezunas, or her nominee, free and clear of all liens and encumbrances, including tax liens, pursuant to the provisions of this Motion;

Motion for Private Sale
In re Brenda Ann Brownell
Case No. 19-30061-EDK
Page 4

2.     Declaring that all encumbrances shall attach to the proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law, except for the "carve-out" of $3,500.00 which will be preserved for the Estate;

3.     Authorizing the Trustee to execute all documents necessary to complete the sale;

4.     Authorizing the Trustee to make payments from the sale proceeds to USDA Rural Development holder of the first mortgage on the Property, and for ordinary closing costs, real estate taxes, and the Brokers' commission of 6% of the sale price, as set forth herein;

5.     Authorizing the Trustee to accept $4,000.00 from the buyer as part of the sale process; and

6.     Granting such other and further relief as this Court deems just and proper.

GARY M. WEINER, ESQ., Chapter 7 Trustee
Of the Estate of Brenda Ann Brownell,
By his Counsel,

/s/ Gary M. Weiner, Esq.
Gary M. Weiner, Esq., BBO #548341
WEINER LAW FIRM, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
Tel. (413) 732-6840
Fax. (413) 785-5666
Email: Gweiner@Weinerlegal.com
Date:  October 10, 2019